UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART SMITH, Individually and on behalf of all others similarly situated,<br>              Plaintiff | : : : : : | CIVIL ACTION<br><br>Case No. 2:20-CV-3583-BMS |
| v. | : : : : | |
| DIRECT BUILDING SUPPLIES, LLC and DOES 1 through 10, inclusive, and each of them,<br>              Defendants | : : : : : | **DEMAND FOR JURY TRIAL** |

**DEFENDANT, DIRECT BUILDING SUPPLIES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.    INTRODUCTION**

Plaintiff, Stewart Smith, brings this lawsuit on behalf of himself and two purported nationwide classes of individuals allegedly harmed by the imagined use of an automatic telephone dialing system by Defendant, Direct Building Supplies, LLC ("Defendant"), and Defendant's purported calls to phone numbers on the National Do-Not-Call Registry.  As an initial matter, the Court should strike the class allegations of the Amended Complaint under Rule 12(f) because they are deficient as a matter of law.  Plaintiff's putative class definitions advance improper "fail-safe" classes, which, if certified, would leave class members free to pursue individual claims against the Defendant if the Court ultimately enters judgment in Defendant's favor.  Plaintiff's class allegations also necessarily fail because they would require extensive individualized fact-finding, which is improper as a matter of law.

In addition to the legal deficiencies of Plaintiff's class action claims, Plaintiff's Amended Complaint fails to meet his burden of pleading a plausible claim under the Telephone Consumer Protection Act ("TCPA") against Defendant.  Plaintiff's Amended Complaint advances four

causes of action which derive from Defendant's purported violation of Sections 227(b) and (c) of the TCPA. Section 227(b) proscribes a person from placing solicitation calls when employing an automatic telephone dialing system or pre-recorded voice. Section 227(c) proscribes a person from calling an individual multiple times on a phone registered on the Do-Not-Call-Registry. Plaintiff offers no evidence that Defendant placed any call that violated either section. Rather, Plaintiff's Amended Complaint alleges only the unsupported legal conclusion that Defendant placed the offending calls. Because Plaintiff's Amended Complaint does not, and cannot, establish Defendant or its representatives allegedly placed calls in violation of the TCPA, Plaintiff's Amended Complaint must be dismissed.

Plaintiff's Amended Complaint is deficient as a matter of law because it advances legally impermissible fail-safe classes and lacks the factual support necessary to state plausible claims for relief under the TCPA. Moreover, the Eastern District of Pennsylvania recently considered and determined Plaintiff's class claims to be deficient in a nearly identical Complaint filed against a different defendant. See *Smith v. Vision Solar LLC,* No. 2:20-cv-02185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020). Accordingly, Defendant respectfully requests that this Court grant its Motion and Dismiss Plaintiff's Amended Complaint, with prejudice.

**II.    STATEMENT OF RELEVANT FACTS**

Plaintiff's Amended Complaint alleges Defendant committed "illegal actions" by "contacting Plaintiff on Plaintiff's cellular telephone," in violation of the TCPA. *See* Doc. 1, at ¶ 1. The Amended Complaint lists Plaintiff as a purported class representative. *Id.* at ¶ 4. Allegedly, Plaintiff did not provide Defendant with prior express consent for such calls, nor were the calls made for an emergency purpose. *Id.* at ¶¶ 10-12. Additionally, Plaintiff claims that his

phone number ending in -6860 was added to the National Do-Not-Call registry in 2010. *Id.* at ¶ 15.

Plaintiff alleges that, on October 4, 2019, Defendant placed a call to Plaintiff. *Id.* at ¶ 8. Plaintiff does not set forth the names or identities of any person he allegedly spoke to, or any facts concerning the substance of this conversation. *Id.* at ¶¶ 8-18. Plaintiff alleges that Defendant attempted to solicit its services during this call, but fails to allege which services Defendant solicited, or any details or substance of the purported conversation. *Id.* Plaintiff does not indicate whether he spoke with an employee of Defendant, a third-party agent, or otherwise. *Id.* Thereafter, the Defendant allegedly called Plaintiff directly on four (4) occasions from October 2019 through January 2020. *Id.* ¶ 10. Plaintiff further alleges that, during the calls supposedly placed by an unnamed and unidentified representative of Defendant, Plaintiff notice a "pause and delay before Defendant came on the line." *Id.* ¶ 10. Due to this "noticeable pause," Plaintiff draws the legal conclusion that "these facts are indicative [of]… an automatic telephone dialing system." *Id.* ¶ 11.

Based upon these scant allegations, Plaintiff seeks to bring claims on behalf of himself, and two putative classes of allegedly similarly situated individuals. *Id.* at ¶ 23. The class allegations of the two putative classes Plaintiff proffers ("The ATDS Class" and "The DNC Class") are as follows:

<u>ATDS Class</u>

All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint.

\*\*\*

<u>DNC Class</u>

3

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

*Id.* at ¶¶ 24, 25.[1]  Plaintiff brings two causes of action, Counts I and II, on behalf of Smith individually and the ATDS Class, with Count I alleging Defendant's negligent violation of 47 U.S.C. § 277(b) and Count II alleging Defendant's knowing and/or willful violation of the same. *Id.* at ¶¶ 40-47.  Plaintiff brings two other causes of action (Counts III and IV) on behalf of Plaintiff individually and the DNC Class with Count III alleging negligent violation of 47 U.S.C. § 227(c), and Count IV alleging Defendant's knowing and/or willful violation of same.  *Id.* at ¶¶ 48-55.

## III. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011)(internal quotation marks and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all factual allegations contained in a complaint as true, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 556 U.S. at 678, 684.  "Threadbare recitals

---

[1] Plaintiff's proposed class definitions are nearly identical iterations of class allegations made by the same Plaintiff in a different suit, which this Court has already considered and dismissed as impermissible fail-safe classes. *See Smith v. Vision Solar LLC,* No. 2:20-cv-02185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020). Moreover, as part of the *Vision Solar* action, Plaintiff readily conceded the issues with his proposed classes.  *See* 2:20-cv-02185 Doc. 8 at p. 3 ("Plaintiffs do not dispute… the classes as proposed are likely fail-safe.").  As such, this Court previously dismissed nearly identical class definitions and should do the same here.

4

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, see also *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also 'grounds on which the claim rests.'"). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.     Fed R. Civ. P. 12(f)

Pursuant to Fed R. Civ. P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Fed. R. Civ. P. 12(f)*. In a purported class action, a court may strike class allegations at the pleadings stage where it is clear on the face of the pleadings that a class may not be certified. See *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 625-26 (E.D. Pa. 2015)(granting motion to strike TCPA class allegations at pleading stage); see also *Berk v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 4467746, *8 (E.D. Pa. 2011).

## IV.    LEGAL ARGUMENT

### A.     The Court Should Dismiss or Strike Plaintiff's TCPA Class Action Claims

A district court "will strike class action allegations without permitting discovery or waiting for a certification motion" where it is clear on the face of the complaint "that the plaintiff cannot meet the requirements for a class action." *Woodard v. Fed Ex. Freight East, Inc.*, 250 F.R.D. 178,182 (M.D. Pa. 2008); *Berk v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 4467746, at *8 (E.D. Pa. 2011)(granting motion to strike class allegations at pleading stage); *Panetta v. SAP Am., Inc.*,

2006 WL 924966, at *5 (E.D. Pa. 2006). Here, Plaintiff's TCPA class allegations fail because, if granted as requested, those allegations would create impermissible fail-safe classes.

### 1.  The DNC Class Creates An Impermissible Fail-Safe Class.

If granted as requested, Plaintiff's proposed DNC Class would create an impermissible fail-safe class. A fail-safe class is one in which an individual's membership depends upon whether they have a valid claim - meaning the class cannot be identified until liability is established. See *Slapikas v. First Am. Title Ins. Co.*, 250 F.R.D. 232, 250-51 (W.D. Pa. 2008)(defining fail-safe class as one that "impermissibly determines membership based upon a determination of liability"). Fail-safe classes are improper because, they "shield[] the putative class members from receiving an adverse judgment. Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Randleman v. Fidelity Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). Plaintiff's proposed class definitions would create fail-safe classes because they necessarily require the Court to decide the merits of each individual's case to determine who is, and is not, in the proposed classes.

In *Zarichny*, this Court struck the TCPA class allegations that were nearly identical to Plaintiff's putative ATDS and DNC class allegations here. *Zarichny v. Complete Payment Recovery Services, Inc.*, 80 F.Supp.3d 610, 624 (E.D. Pa. 2015). Specifically, *Zarichny* held the following class allegations created an impermissible fail-safe class:

> All natural persons in the United States, who received one or more telephone calls from Defendants on the individual's cellular telephone that was initiated using an automatic telephone dialing system to whom Defendants did not have their prior consent.

*Zarichny,* 2:14-cv-03197, ECF Doc. 1, ¶ 17 (E.D. Pa. 2014).  The *Zarichny* court determined the above class allegations created a "fail-safe class[] [because]… at the conclusion of the litigation, should [defendant] prevail against Zarichny, and other putative class recipient would be free to litigate the same claim against [defendant]."  *Zarichny,* 80 F.Supp.3d at 626; see also *Sauter v. CVS Pharmacy, Inc.*, 2014 WL 1814076, at *9 (S.D. Ohio 2014)(collecting cases and holding that TCPA class which only includes members who can "successfully demonstrate[] that the Defendant made calls using an ATDS or an artificial or prerecorded voice to the class members' cell phones without the class members' prior express consent… is the definition of a prohibited fail-safe class.").

The nearly identical class definitions *sub judice* lead to the inescapable conclusion that Plaintiff's proposed DNC class creates an impermissible fail-safe class where membership depends upon liability against Defendant.  Plaintiff will likely highlight that the DNC Class does not require prior express consent as a class defining feature.  Nonetheless, membership in the DNC Class necessarily depends upon a person receiving a "solicitation call," which by definition only includes calls initiated "for the purpose of encouraging the purchase or rental of… goods or services… [without] that person's prior expressed invitation or permission."  *See* 47 U.S.C. § 227(a)(4).  As such, the requirement that a class member not provide prior expressed consent is subsumed in the DNC Class definition based upon the meaning of a "solicitation call" under the TCPA.  The DNC Class is therefore essentially identical to the definition of the class previously proffered in *Vision Solar,* wherein this Court dismissed Plaintiff's class, and, further, where Plaintiff conceded the class was in fact a fail-safe class as proposed.  *See* Footnote 1.

    **2.**    **The ATDS Class Creates An Impermissible Fail-Safe Class.**

Plaintiff's proposed ATDS Class also creates an impermissible fail-safe class. When a proposed TCPA class conditions membership upon a putative class member's lack of prior express consent, the proposed class is a fail-safe class and should be stricken. *See Zarichny,* 80 F. Supp. 3d at 625 (finding fail-safe classes and striking class allegations when a "putative TCPA class is comprised of those people who received CPRS telephone calls *without the recipient's 'prior express consent.'*"); *Sauter*, 2014 WL 1814076, at *9 (finding a fail-safe class and striking class when membership was based upon receiving solicitation calls on "class members' cell phones *without the class members' prior express consent.*"); *Olney v. Job.com, Inc.*, 2013 WL 5476813, *1 (E.D. Cal. 2013)(recognizing that "defining the [TCPA] class to include anyone who received… a call *without prior express consent* means that only those potential members who would prevail on this liability issue would be members of the class").

By conditioning member in the ATDS Class upon the lack of prior express consent to receive a solicitation call, either the "class members win or, if the defense prevails, no class exists, and the putative class members, unbound by any judgment, are free to pursue individual claims." *Zarichny,* 80 F. Supp. 3d at 624. Plaintiff's proposed ATDS Class again creates an impermissible fail-safe class because membership depends upon the lack of "prior express consent for such [solicitation] calls" from Defendant. *See* Doc. 8, ¶ 24

### 3. The ATDS Class and the DNC Class Would Require Extensive Individualized Fact-finding.

Plaintiff's so-called ATDS Class and DNC Class also runs afoul of Third Circuit precedent and of Federal Rule of Civil Procedure 23, which proscribe individual fact-finding in class action lawsuits. See *Marcus v. BMW of North America LLC*, 687 F.3d 583, 593 (3d Cir. 2012) (holding that "[i]f class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate."). This Court may not certify a class

if it cannot identify class members "without extensive and individualized fact-finding, or 'mini-trials.'" *Marcus*, 687 F.3d at 593. As addressed above, Plaintiff's ATDS Class and DNC class either explicitly, or implicitly, condition membership upon an individual not providing prior expressed consent to receive solicitation calls from Defendant. By including prior consent as a class-defining factor, Plaintiff's putative classes require extensive individualized fact-finding. *See Zarichny*, 80 F. Sup. 3d 626 (striking a putative TCPA class comprised of people who received calls without "prior express consent" which would lead to "the sort of extensive fact-finding that class actions should avoid.") Such extensive individualized fact-finding is improper as a matter of law. *See Marcus,* 687 F.2d at 593 (3d Cir. 2012); *see also*, *Fed. R. Civ. P.* 23.

### 4. The ATDS Class is Impermissibly Overbroad and Not Ascertainable.

Even if this Court determines that the ATDS Class is not a fail-safe class, which it most certainly is, the ATDS Class should be stricken because it is unreasonably broad and would inevitably include a vast number of members with no TCPA claims under Section 227(b).[2] In Counts I and II, Plaintiff alleges that Defendant violated <u>only</u> section 227(b). *See* ECF Doc. 8, pg. 5. Section 227(b) does not impose liability on a caller for placing a solicitation call unless that call was placed using an ATDS or an artificial and/or prerecorded voice. *See* 47 U.S.C. § 227(b). Plaintiff's ATDS Class, however, is not confined to calls placed by an ATDS or prerecorded voice. Rather, Plaintiff's ATDS Class includes *any solicitation call* from Defendant or its agent - thereby unreasonably, deliberately, and tactically increasing the size of the putative class against Defendant.

---

[2] As explained in greater detail above, the putative class members who would fit within the ATDS Class as presently defined, but have no valid claim under § 227(b), would be unbound by any judgment and therefore free to pursue individual claims against Defendant under other sections of the TCPA. This result further highlights that the ATDS class is the definition of a fail-safe class.

Plaintiff's Amended Complaint demonstrates how his ATDS Class definition would vastly inflate the size to include calls where no TCPA violation occurred.  Plaintiff alleges that Defendant placed four calls to him from October 2019 to January 2020.  *See* ECF Doc. 8, ¶¶ 9, 10.  These calls would not violate Section 227(b) because Plaintiff fails to allege any facts, nor can he, that Defendant used an ATDS or prerecorded voice to place the calls.  Nonetheless, these lawful calls would qualify under the Plaintiff's over-expansive definition of the ATDS, as would any <u>lawful</u> solicitation call made by Defendant to any person in the United States.  Plaintiff's ATDS class fails to narrow its focus to calls that actually violate Section 227(b) of the TCPA.

By intentionally defining the class to include members with no viable TCPA claim, Plaintiff is engaging in a deliberate effort to unreasonably inflate the putative ATDS Class.  In *Messner v. Northshore Univ. HealthSystem*, the Seventh Circuit explained the danger of allowing for vastly overbroad class definition:

> Even if a class's claim is weak, the sheer number of class members and the potential payout that could be required if all members prove liability might force a defendant to settle a meritless claim in order to avoid breaking the company.  While that prospect is often feared with large classes, the effect can be magnified unfairly if it results from a class defined so broadly as to include many members who could not bring a valid claim.

669 F.2d 802, 825 (7th Cir. 2012)(denying certification under Rule 23 due to an overly broad class definition).  Plaintiff's expansive ATDS Class definition must be stricken because it intentionally includes members with no valid TCPA claim against Defendant.

Additionally, Plaintiff's ATDS Class definition fails because membership in the ATDS is not ascertainable.  Ascertainability is an "essential prerequisite" for actions brought under Rule 23.  *See* Federal Rule of Civil Procedure 23(b)(3); *see also Marcus, supra., 687 F.3d at 592-93.*  The ascertainability inquiry requires Plaintiff to demonstrate that the proposed class is "defined with reference to objective criteria," and that there is "a reliable and administratively feasible

10

mechanism for determining whether putative class members fall within the class definition." *Hayes v. Wal-Mart Stores, Inc.,* 725 F.3d 349, 355 (3d Cir. 2013). In order to determine whether a proposed class is ascertainable, the Court must determine whether the defined class specifies "a particular group that was harmed during a particular time frame, in a particular location, *in a particular way.*" *Bright v. Asset Acceptance, LLC,* 292 F.R.D. 190, 197 (D. N.J. 2013)(emphasis supplied). Here, Plaintiff's expansive ATDS class would include alleged harm caused by a call from an ATDS, a prerecorded voice, or a lawful but unwanted solicitation call. Lumping each type of call into the same class violates the ascertainability requirement of Rule 23. *See Bright*, 292 F.R.D. at 197 (denying class certification to an overbroad class that included members who were not harmed in the same manner as the class representative). Accordingly, Plaintiff's ATDS class should be stricken, with prejudice.

### B. Plaintiff's Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted and Must be Dismissed in Full

Plaintiff's Amended Complaint must be dismissed in full because Plaintiff fails to plead sufficient factual allegations to overcome the particularity-pleading requirement of Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint is entirely devoid of factual allegations that plausibly suggest that Defendant, or anyone acting on its behalf, placed a single call to Plaintiff. Plaintiff fails to provide the content of a single call, and fails to identify any individuals with whom Plaintiff allegedly spoke. Furthermore, Plaintiff fails to aver that the individual he purportedly spoke with solicited Defendant's services in any manner. Accordingly, Plaintiff fails to provide any factual basis for the inferential leap Plaintiff asks this Court to make. Plaintiff's threadbare recital of the elements of a violation of the TCPA fail to raise a right to relief above the speculative level. See *Twombly*, 550 U.S. at 555. Because Plaintiff's unsupported conclusory statements are devoid of factual

11

support, and fail to demonstrate a plausible TCPA claim against Defendant, Plaintiff's Amended Complaint must be dismissed in full.

### 1. Plaintiff Fails to Plead Sufficient Facts to Establish a Plausible ATDS Claim Under 47 U.S.C. § 227(b).

Counts I and II of Plaintiff's Amended Complaint necessarily depend upon Defendant placing multiple calls to Plaintiff using an automatic telephone dialing system ("ATDS") in violation of 47 U.S.C. § 227(b)(1). See Doc. 8 at ¶¶ 40-47. Section 227(b)(1) states that "[i]t shall be unlawful for any person within the United States… to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice system." The entirety of Plaintiff's allegations in support of the use of an ATDS consists of Plaintiff purportedly noticing a "pause or delay before an agent or representative came on the line." *See* Doc. 8, ¶¶ 9, 11, 14. Plaintiff's ATDS allegations grounded solely upon this purported "pause" are entirely speculative in nature, do not suggest autodialer functionality, and should therefore be dismissed, with prejudice.

The Act defines an ATDS as "equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1). In this Circuit, a dialing system can only be considered an ATDS if it possesses the "present capacity to generate random telephone numbers to dial." *Dominguez on Behalf of Himself v. Yahoo, Inc.*, 894 F.3d 116, 120 (3d Cir. 2018) (affirming this Court's grant of summary judgment against plaintiff who could not establish defendant used an ATDS). In *Dominguez*, the court expressly rejected an expansive statutory interpretation that would include any device that had the potential or latent "capacity to function as [an] autodialer." *Id.* at 118. The court reasoned that an autodialer must be narrowly construed because otherwise, "any ordinary

12

smartphone could achieve autodialer functionality by simply downloading a random-number-generating app." *Id.* 118-19. Thus, for a device to be considered an ATDS, it must have the present capacity to "generate[] random or sequential telephone numbers and dial[] those numbers." *Id.* at 121; accord, *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1317 (11th Cir. 2020) (holding that devices that automatically dialed stored lists of numbers were not ATDS under 47 U.S.C. § 227(b)); *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 468 (7th Cir. 2020); *Hand v. Beach Entertainment KC, LLC,* 456 F.Supp.3d 1099 (W.D. Mo. 2020).

Applying the same reasoning as the Third Circuit in *Dominguez*, Plaintiff offers no facts regarding the capacity of an alleged autodialer to generate random or sequential numbers and dial those numbers. Courts nationwide have held that the mere allegation of a brief pause at the beginning of a call is insufficient to support the inference of the use of an ATDS. See *Bader v. Navient Sols., LLC*, 2019 WL 2491537, at *2 (N.D. Ill. June 14, 2019)(granting judgment on the pleadings against plaintiff who alleged that he "noted a five second pause before being connected with a live representative"); accord *Hollis v. LVNV Funding*, 2019 WL 1091336 (C.D. Cal. 2019)(dismissing TCPA claim where plaintiff alleged a "noticeable pause or delay" at beginning of call); *Smith v. Aitima Med. Equip., Inc.,* 2016 WL 4618780, (C.D. Cal 2016)(allegation of pause "does not create a plausible inference regarding the capacity … to make random calls').[3] Plaintiff's Amended Complaint fails to offer any new allegations or facts that would suggest Plaintiff received a call from a device with the present capacity to dial numbers at random.

Plaintiff has not pled any facts that Defendant or its purported agents called Plaintiff using equipment with the capability of generating numbers randomly or sequentially as required by

---

[3] Although some district courts have found that pleading a pause or delay could raise a plausible inference of the use of an ATDS, *see, e.g., Hazan v. Wells Fargo Home Mortg.*, 2020 WL 919183, at *3 (D. N.J. 2020), those cases are not binding on this Court, and further fail to address how a noticeable pause creates a plausible inference regarding the capacity to generate random numbers and make calls.

*Dominguez.* As such, Counts I and II of Plaintiff's Amended Complaint must be dismissed, with prejudice.

### 2. Plaintiff Fails to Plead Sufficient Facts to Establish a Do-Not-Call Claim Under 47 U.S.C. § 227(c).

Counts III and IV of Plaintiff's Amended Complaint, brought under 47 U.S.C. § 227(c), must be dismissed because Plaintiff offers no facts to support any inference that Defendant, or someone acting on its behalf, placed a single call to Plaintiff. To establish a "Do Not Call Registry" claim under § 227(c)(5), Plaintiff must plead facts that plausibly demonstrate: (1) they receive multiple calls within twelve months, (2) from the same entity, (3) on a phone registered on the Do-Not-Call-Registry. *Huber v. Pro Custom Solar, LLC*, 2020 WL 2525971, at *2 (M.D. Pa. 2020)(Citing 47 C.F.R. § 64.1200(c)(2)).

Fatally, Plaintiff offers no factual allegations for this Court to infer that Defendant placed a single call to Plaintiff, let alone multiple calls as required under the Act. Plaintiff's threadbare attempt to attribute the alleged calls to Defendant has no factual or evidentiary basis. Lacking any factual support, Plaintiff alleges that "Defendant contacted Plaintiff on Plaintiff's cellular telephone number… in an attempt to solicit Plaintiff to purchase Defendant's services." See Doc. 8, at ¶ 8. This lone allegation is the sole factual support Plaintiff offers in the Amended Complaint.

Plaintiff alleges that Defendant, as a non-descript legal entity, was the party that contacted or attempted to contact Plaintiff. *Id.* Notably absent from Plaintiff's Amended Complaint is any mention that that any callers ever identified themselves as calling from, or on behalf of, Defendant. There are no allegations within the Amended Complaint that would allow for an inference that Defendant ever called Plaintiff, even once. Plaintiff does not identify the individual(s), with whom he spoke, and whether those purported individual(s) were employees of Defendant, agents of Defendant, or employees of a third party. Instead, Plaintiff baldly alleges Defendant, an entity and

not an individual, contacted him, and "there was a noticeable pause and delay before Defendant came on the line." *Id.* ¶ 9.  Furthermore, Plaintiff fails to offer what services Defendant purportedly offered, or whether there was any sort of dialogue between the parties.

Second, without offering any nexus between Defendant and the content of the purported calls themselves, Plaintiff fails to provide the numbers for any of the alleged calls, or that any of the offending calls originated from telephone numbers confirmed to belong to Defendant.  See Doc. 8, at ¶¶ 8-22.  Similarly, no such evidentiary support exists for Plaintiff's contention that Defendant ever owned the phone numbers from which Plaintiff received the alleged calls.  *Id.* Plaintiff offers no explanation as to who made this confirmation, and how, or what records or investigation confirmed Plaintiff's accusation.  Plaintiff fails to provide this Court any reason at all to accept his baseless legal conclusion—that the subject phone numbers belonged to Defendant—as true.  See *Iqbal,* 556 U.S. 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Finally, Plaintiff fails to establish that any of the alleged offending calls meet the statutory definition of a solicitation call under 47 C.F.R § 64.1200(c)(2).  See Doc, 8 ¶ 18.  Without providing factual averments supporting that each alleged call was for the purpose of promoting Defendant's products or services, this Court is unable to leap to the conclusion that the alleged offending calls satisfy the legal definition of a solicitation call.  Plaintiff's failure to provide even a modicum of factual detail surrounding any of the purported calls prevents Defendant from preparing any sort of defense to his claims.  Plaintiff's allegation that Defendant, as an entity, contacted him to solicit Plaintiff to purchase Defendant's services cannot support Counts III and IV of Plaintiff's Amended Complaint, and as a result, Plaintiff fails to state a claim under 47 U.S.C. § 227(c).

The scarce factual allegations contained in Plaintiff's Amended Complaint fail to establish a plausible claim for relief under 47 U.S.C. § 227(c).  Plaintiff has not established, because he cannot, that Defendant or its employees placed any of the purported calls, nor that the alleged offending calls satisfy the statutory definition of solicitation calls.  As such, Counts III and IV of Plaintiff's Amended Complaint must be, dismissed with prejudice.

## V.   CONCLUSION

For all the foregoing reasons, Defendant requests this Honorable Court grant its Motion and dismiss Plaintiff's Amended Complaint, with prejudice.

Respectfully submitted,

**TUCKER ARENSBERG, P.C.**

Dated: November 25, 2020         By   /s/ Kevin L. Hall
Kevin L. Hall, PA I.D. #311826
Brian J. Murren, PA I.D. #324567
2 Lemoyne Drive, Suite 200
Lemoyne, PA  17043
Phone: (717) 221-7951
Fax: (717) 232-6802
khall@tuckerlaw.com
bmurren@tuckerlaw.com
*Attorneys for Defendant, Direct Building Supplies, LLC*

TADMS:5413437-1 033874-189817

## **CERTIFICATE OF SERVICE**

I, Kevin L. Hall, Esquire, of the law firm of Tucker Arensberg, P.C., hereby certify that I served a true and correct copy of the foregoing document this date through the Court's Electronic Case Filing (ECF) system on the individuals as follows:

Cynthia Z. Levin, Esquire
Todd M. Friedman, Esquire
1150 First Avenue, Suite 501
King of Prussia, PA 19406
*Attorneys for Plaintiffs*

**TUCKER ARENSBERG, P.C.**

Dated: November 25, 2020            By  /s/ Kevin L. Hall
                                                     Kevin L. Hall, PA I.D. #311826
                                                     2 Lemoyne Drive, Suite 200
                                                     Lemoyne, PA  17043
                                                     Phone: (717) 221-7951
                                                     Fax: (717) 232-6802
                                                     khall@tuckerlaw.com
                                                     *Attorneys for Defendant, Direct Building Supplies, LLC*