UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEWART SMITH,** individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>**DIRECT BUILDING SUPPLIES, LLC, and DOES 1 through 10, inclusive, and each of them,**<br><br>    Defendants. | Case No. **2:20-cv-3583-BMS** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINITFF'S FIRST AMENDED COMPLAINT**

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Cynthia Z. Levin
1150 First Ave., Ste. 501
King of Prussia, PA 19406
Phone: 866-598-5042
Fax: 866-633-0228
clevin@toddflaw.com
*Attorneys for Plaintiff Stewart Smith and the putative Class*

## TABLE OF CONTENTS

I. Introduction ..........................................................................................................................1

II. Factual Background ............................................................................................................1

III. Legal Argument..................................................................................................................2

    A. Plaintiff's Classes Are Not Fail-Safe ........................................................................3

    B. Defendant's Argument Regarding Ascertainability And Individual Fact-Finding Is Inappropriate At This Stage Are Inappropriate At This Stage ...........................................5

    C. Plaintiff Has Adequately Pled A Section (b) Violation Of The TCPA...........................7

    D. Plaintiff Has Adequately Pled A Section (c) Violation Of The TCPA ..........................10

IV. Conclusion .........................................................................................................................10

TABLE OF AUTHORITIES

**Cases**

*A & L Indus., Inc. v. P. Cipollini, Inc.*, 2013 WL 5503303 (D.N.J. Oct. 2, 2013) ........................ 6

*Abella v. Student Aid Ctr., Inc.*, No. CV 15-3067, 2015 WL 6599747 (E.D. Pa. Oct. 30, 2015) 5, 6

*Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) ............................................................................ 10

*Bright v. Asset Acceptance, LLC*, 292 F.R.D. 190 (D.N.J. 2013) .................................................. 7

*Byrd v. Aaron's Inc.,* 784 F.3d 154 (3d Cir. 2015) ........................................................................ 4

*Carrera v. Major Energy Servs., LLC*, No. 15-3208 (MAS) (LHG), 2016 WL 7183045 (D.N.J. Mar. 29, 2016) ............................................................................................................................ 9

*Connelly v. Hilton Grand Vacations Co.*, No. 12-cv-599 (KSC), 2012 WL 2129364 (S.D. Cal. June 11, 2012) ............................................................................................................................ 9

*Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) .................................................. 3, 8

*Donaca v. Metropolitan Life Insurance Company*, No. 13-5611, R2014 WL 12597152 (C.D. Cal. 2014) ............................................................................................................................... 3, 6

*Facebook, Inc. v. Duguid*, No. 19-0511, 2020 WL 3865252 (U.S. July 9, 2020) .................... 3, 8

*Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002) .................................................. 10

*Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349 (3d Cir. 2013) .................................................. 4, 7

*Hazan v. Wells Fargo Home Mortg.*, No. CV1810228MASTJB, 2020 WL 919183 (D.N.J. Feb. 26, 2020) ..................................................................................................................................... 9

*Huber v. Pro Custom Solar, LLC*, 2020 WL 2525971 (M.D. Pa. 2020) .................................... 10

*In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 795 F.3d 380 (3d Cir. 2015) .............. 7

*In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F.Supp.2d 1253 (S.D. Cal. 2012) ..................... 8

*Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2015 WL 11713593 (S.D. Fla. Nov. 9, 2015) ............................................................................................................................................ 8

*Korman v. The Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007) .......................................... 3, 6

*Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72 (3d Cir. 2011) ....................... 3, 6

*Lap Distributors, Inc. v. Glob. Contact - Int'l Publ'g Corp.*, No. CV 19-6317 (RMB/KMW), 2020 WL 1616505 (D.N.J. Apr. 1, 2020) .................................................................................... 6

*Marcus v. BMW of N. Am., LLC*, 687 F.3d 583 (3d Cir. 2012) ................................................... 7

*Martinez v. TD Bank USA*, No. 15-7712, 2017 WL 2829601 (D.N.J. 2017) ............................... 7

*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802 (7th Cir. 2012) ................................. 7

*Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. Cal. 2012) ........................... 6

*Norman v. Sito Mobile Sols.*, No. 17-2215, 2017 WL 1330199 (D.N.J. Apr. 6, 2017) ................. 8

*O.P. Schuman & Sons, Inc. v. DJM Advisory Grp., LLC*, No. CV 16-3563, 2017 WL 634069 (E.D. Pa. Feb. 16, 2017) ................................................................................................. 5

*Richardson v. Verde Energy USA, Inc.*, No. 15-6325, 2016 WL 7380708 (E.D. Pa. Dec. 19, 2016) ............................................................................................................................. 9

*Sauter v. CVS Pharmacy, Inc.*, No. 2:13-CV-846, 2014 WL 1814076 (S.D. Ohio May 7, 2014) 5

*Scott v. 360 Mortg. Grp., LLC*, No. 17-cv-61055, 2017 WL 3732097 (S.D. Fla. Dec. 14, 2017) 8

*Sieleman v. Freedom Mortg. Corp.*, No. 17-13110, 2018 WL 3656159 (D.N.J. Aug. 2. 2018) .. 9

*Smith v. Royal Bahamas Cruise Line*, No. 14-cv-03462, 2016 WL 232425 (N.D. Ill. Jan. 20, 2016) ............................................................................................................................. 8

*Soular v. N. Tier Energy LP*, No. 15-cv-556, 2015 WL 5024786 (D. Minn. Aug. 25, 2015) ....... 5

*Todd v. Citibank*, No. 16-5204-BRM-DEA, 2017 WL 1502796 (D.N.J. Apr. 26, 2017) ............ 9

*Wilson v. Quest Diagnostics, Inc.*, No. 18-11960. 2018 WL 6600096 (D.N.J. Dec. 17, 2018) ... 9

*Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610 (E.D. Pa. 2015) .... 5, 7

*Zemel v. CSC Holdings LLC*, No. CV 18-2340-BRM-DEA, 2018 WL 6242484 (D.N.J. Nov. 29, 2018) ....................................................................................................................... 8

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ............................................ passim

**Rules**

Fed. R. Civ. P. 12 .......................................................................................................................... 1

Fed. R. Civ. P. 8 ..................................................................................................................... 1, 10

**Memorandum of Points and Authorities**

I. <u>**Introduction**</u>

Plaintiff Stewart Smith ("Plaintiff" or "Smith") brings this action on behalf of himself and two Classes of similarly situated individuals against Defendant Direct Building Supplies, LLC ("Defendant") arising out of Defendant's telemarketing practices alleged to be in violation of both the autodialer provision and do-not-call provision of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA"). In response to Defendant's original Motion to Dismiss, Plaintiff has amended to narrow the relevant Classes so as to make them not fail-safe and bolstered the allegations regarding the device at issue. Defendant's motion is largely premised on prematurely arguing Class Certification issues and Defendant's misconstruing the fail-safe issue and failing to read Plaintiff's First Amended Complaint—and then blaming its failure on Plaintiff.[1] As a result, Defendant's arguments ring hollow against the actual issue before the Court.

Plaintiff's short and plain statement of claims under the autodialer and do-not-call provisions of the TCPA are adequate to satisfy both Fed. R. Civ. P. 8 and overcome Defendant's Fed. R. Civ. P. 12 motion.[2] Defendant's remaining attack on Class Certification issues before discovery has even commenced are premature and inappropriate.

II. <u>**Factual Background**</u>

On or about October 4, 2019, Plaintiff received a call on his cellular telephone from an Defendant seeking to solicit its services to Plaintiff. First Amended Complaint, Dkt. 8 ("FAC") at

---

[1] It is worth noting that Defendant plagiarized and copied attorney Colin D. Dougherty of Fox Rothschild's Motions to Dismiss in the *Stewart Smith v. Vision Solar, LLC* (E.D. Pa. 2020), Dkts. 14 almost verbatim, including all citations. Defendant's prior Motion to Dismiss (Dkt. 6) was also copied from the first Motion to Dismiss filed in the *Vision Solar, LLC* case at Dkt. 7.
[2] If the Court views that more factual allegations need to be stated or the defined Classes need to otherwise be modified, Plaintiff requests leave to amend pursuant to Fed. R. Civ. P. 15, which "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

¶ 8.  The call had a noticeable pause and delay before the agent came on the line and was of an impersonal nature as Plaintiff had no prior relationship to Defendant, which is indicative of the use of an "automatic telephone dialing system" or ATDS.  *Id.* at ¶¶ 9 & 11.  After the call, Plaintiff continued to receive calls from Defendant directly seeking to solicit its services, including on October 6, 2019, November 1, 2019, January 17, 2020, and January 21, 2020.  *Id.* at ¶ 10.  Similar to the October 4, 2019 call, these calls also featured a noticeable pause or delay before the Defendant came on the line.  *Id*.  Accordingly, Defendant placed multiple calls to Plaintiff soliciting its business from October 2019 to January 2020.  *Id.* at ¶ 18.

Defendant did not possess Plaintiff's prior express consent to call him using an artificial or prerecorded voice or "automatic telephone dialing system." *Id.* at ¶ 13.  Further, Plaintiff's cellular telephone number ending in -6860 was added to the National Do-Not-Call Registry on June 11, 2010, well over thirty (30) days prior to Defendant's initial call.  *Id.* at ¶ 15.

Plaintiffs seek to represent two classes against Defendant arising from its violation of the TCPA, defined as an ATDS Class consisting of:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint.

And a DNC Class consisting of:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

*Id.* at ¶¶ 24-25.

### III.    Legal Argument

2

Defendant seeks to deprive Plaintiffs of any discovery by prematurely moving to strike Plaintiff's class definitions on three grounds, two of which explicitly require such discovery to prove. Premature motions to strike are disfavored. *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 (3d Cir. 2011) (recognizing that a Court must conduct a "rigorous analysis" to determine whether class certification is appropriate and finding that a district court's decision was premature when it was made without discovery and on a motion to dismiss); *Korman v. The Walking Co.*, 503 F. Supp. 2d 755, 762 (E.D. Pa. 2007) (finding that "[i]t would be improper to allow [a defendant] to slip through the backdoor" and move to strike class allegations pursuant to Rule 23(d)(4) when, inter alia, "discovery on the issue is still ongoing."); *Donaca v. Metropolitan Life Insurance Company*, No. 13-5611, R2014 WL 12597152 (C.D. Cal. 2014) (collecting cases). Plaintiff has not defined a "fail-safe" class and Defendant's remaining arguments are wholly premature and inappropriate for resolution at this stage.

Defendant additionally argues that Plaintiff has failed to state claims, but the additional factual allegations put forth by Plaintiff in his First Amended Complaint meet the burden of creating plausibility about the usage of an ATDS[3] and allegations necessary to create a DNC claim. Accordingly, Defendant's Motion should be denied in full.

**A. <u>Plaintiff's Classes Are Not Fail-Safe</u>**

Defendant argues again that both of Plaintiff's Classes are fail-safe because they are premised on a requirement of finding liability in order to become a Class member—and that

---

[3] The Supreme Court is currently reviewing the definition of an ATDS under the TCPA in *Facebook, Inc. v. Duguid*, No. 19-0511, 2020 WL 3865252 (U.S. July 9, 2020), which is scheduled for oral argument in December 2020. The Supreme Court is specifically reviewing the split between *Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018) and other Circuits and thus the Court's ruling will implicate the arguments made by Defendant such that a stay is likely appropriate.

those who are not found to have liability "drop out." This is untrue and Defendant is aware it is untrue—as it subsequently argues that Plaintiff's Classes do not only target those with liability and thus are unascertainable.[4] Class definitions must be "defined with reference to objective criteria" and there must be "a reliable and administratively feasible mechanism for determining" which individuals fall into the class. *Byrd v. Aaron's Inc.,* 784 F.3d 154, 163 (3d Cir. 2015) (quoting *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013)). A "fail-safe" Class is one where the definition explicitly is based on liability—such that membership is based solely on a finding of liability, and in the absence of liability a potential class member simply "drops out."

The ATDS Class is defined as:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint.

FAC at ¶ 24. Such Class is not failsafe because the definition is not premised on liability under the TCPA, as liability also requires that the call have been made using an ATDS. Accordingly, it is possible to ascertain and certify this Class but ultimately lose on liability if the Court finds that there was no usage of an ATDS, and thus it is not failsafe.

The DNC Class is defined as:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

---

[4] This demonstrates the significant problem with the argument of a "fail-safe" Class—it makes it so a Class is either too specific or overbroad.

4

FAC at ¶ 25. Such Class is not failsafe because the definition is not premised on liability under the TCPA, as liability also requires that the individuals have not provided prior express consent nor had a prior business relationship with Defendant. Accordingly, it is possible to ascertain and certify this Class but ultimately lose on liability if the Court finds that Defendant had prior express consent for the calls, and thus it is not failsafe.

These definitions remove the "fail-safe" issue because they make it so membership is not premised on liability. Exactly these modifications have also been found in the context of TCPA cases to avoid the "fail-safe" problem presented by Defendant. *See Abella v. Student Aid Ctr., Inc.*, No. CV 15-3067, 2015 WL 6599747, at *4 (E.D. Pa. Oct. 30, 2015); *Soular v. N. Tier Energy LP*, No. 15-cv-556, 2015 WL 5024786, at *9 (D. Minn. Aug. 25, 2015); *O.P. Schuman & Sons, Inc. v. DJM Advisory Grp., LLC*, No. CV 16-3563, 2017 WL 634069, at *4 (E.D. Pa. Feb. 16, 2017). The cases cited to by Defendant are inapposite to the definitions proposed here because the classes at issue in *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610 (E.D. Pa. 2015) and *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-CV-846, 2014 WL 1814076 (S.D. Ohio May 7, 2014) involved classes that were defined as having all elements of the TCPA contained within them, specifically they were premised on the device being used being an ATDS as an element of the Class for the ATDS Class and the Defendant having prior express consent as an element of the Class for the DNC Class as compared to here where such elements are noticeably absent from the definitions. Accordingly, Plaintiff's Classes are not fail-safe.

### B. Defendant's Argument Regarding Ascertainability And Individual Fact-Finding Is Inappropriate At This Stage

Highlighting exactly the Catch-22 that the issue of fail-safe classes creates, Defendant argues that because Plaintiff's Classes are not explicitly defined as based on liability, they are

5

overbroad. Defendant additionally argues that Plaintiff's Classes require individual fact finding which makes them inappropriate for Class Certification—and that all TCPA cases fall afoul of this same issue. Both of Defendant's position are wrong. Courts around the country, including courts in this district, have routinely recognized that class actions are the superior, and most efficient, method of adjudicating TCPA violations. *See, e.g.*, *Lap Distributors, Inc. v. Glob. Contact - Int'l Publ'g Corp.*, No. CV 19-6317 (RMB/KMW), 2020 WL 1616505, at *5 (D.N.J. Apr. 1, 2020), *A & L Indus., Inc. v. P. Cipollini, Inc.*, 2013 WL 5503303, at *5 (D.N.J. Oct. 2, 2013) (noting that the plaintiff's "TCPA claim [is] better off resolved in a single class action than in numerous individual ones. Rule 23(b)(3) itself defines superiority in terms of efficiency. In the absence of class treatment, duplicate evidence of Defendant's alleged TCPA violation would have to be provided in hundreds if not thousands of individual lawsuits"); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. Cal. 2012).

Further, to the extent Defendant seeks to argue a blanket lack of commonality or predominance, such arguments are best reserved for Class Certification, and Defendant has failed to demonstrate that no amount of discovery will prevent resolving the deficiencies in the amended class definitions.[5] *Abella, supra* 2015 WL 6599747 at *4. As noted above, premature motions to strike are disfavored. *Landsman*, *supra* 640 F.3d at 93 (recognizing that a Court must conduct a "rigorous analysis" to determine whether class certification is appropriate and finding that a district court's decision was premature when it was made without discovery and on a motion to dismiss); *Korman*, *supra* 503 F. Supp. 2d at 762 (finding that "[i]t would be improper to allow [a defendant] to slip through the backdoor" and move to strike class allegations pursuant to Rule 23(d)(4) when, inter alia, "discovery on the issue is still ongoing."); *Donaca*, *supra* 2014 WL 12597152 (collecting

---

[5] Defendant has submitted no evidence in support of its position at all, just generic statements.

cases). The best time to test the rigor of a class is at the class certification step after discovery and both sides have been fully able to brief the issue. This is because discovery provides time to determine whether Defendant records may be used to identify and establish membership in the Classes through discovery. *See In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 795 F.3d 380, 397 (3d Cir. 2015) (recognizing that ascertainability can be determined through a defendant's records).

Every case Defendant cites in support of its striking with regards to ascertainability was decided at exactly such stage and not on a Motion to Strike.[6] While Defendant may ultimately be correct on its position regarding Plaintiff's ability to meet the evidentiary requirements of Class Certification, it is clear that the proper stage for such analysis is at the Motion for Class Certification and not this early stage. Accordingly, Defendant's Motion to Strike should be denied.

### C. Plaintiff Has Adequately Pled A Section (b) Violation Of The TCPA

Defendant attacks Plaintiff's well-pled allegations regarding his receipt of a call in violation of the TCPA. To state a cause of action under the TCPA, a plaintiff must allege: "(1) the defendant called a cellular telephone number; (2) using an [ATDS or prerecorded or artificial voice]; (3) without the recipient's prior express consent." *Martinez v. TD Bank USA*, No. 15-7712, 2017 WL 2829601, at *4 (D.N.J. 2017) (citations omitted). This Circuit has held that an

---

[6] *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802 (7th Cir. 2012) (denial of plaintiffs motion for class certification); *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592-93 (3d Cir. 2012) (review of order granting plaintiffs motion for class certification); *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349 (3d Cir. 2013) (review of order granting plaintiffs motion for class certification); *Bright v. Asset Acceptance, LLC*, 292 F.R.D. 190 (D.N.J. 2013) (denial of plaintiffs motion for class certification). *Zarichny*, supra 80 F. Supp. 3d at 626, dealt with a failsafe issue as discussed above, not a discovery issue.

7

ATDS must have "the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers."[7] *Dominguez*, *supra* 894 F.3d at 121.

Courts are split on this topic and the amount of allegations required, with some noting that a TCPA plaintiff sufficiently alleges that calls were made using an autodialer by identifying "circumstances surrounding" the calls that "create a plausible inference of autodialing," including: their "commercial" content; that multiple calls were made to the same recipient; and that they were made without the recipient's consent." *See Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2015 WL 11713593, at *4 (S.D. Fla. Nov. 9, 2015); *Scott v. 360 Mortg. Grp., LLC*, No. 17-cv-61055, 2017 WL 3732097 (S.D. Fla. Dec. 14, 2017); *Smith v. Royal Bahamas Cruise Line*, No. 14-cv-03462, 2016 WL 232425, at *3-4 (N.D. Ill. Jan. 20, 2016). To satisfy this element, courts permit the allegation of an automatic system to be pled on information or belief, but require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device." *Zemel v. CSC Holdings LLC*, No. CV 18-2340-BRM-DEA, 2018 WL 6242484, at *3 (D.N.J. Nov. 29, 2018) (citing *Norman v. Sito Mobile Sols.*, No. 17-2215, 2017 WL 1330199, at *3 (D.N.J. Apr. 6, 2017); *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F.Supp.2d 1253, 1260 (S.D. Cal. 2012)).

Plaintiff has alleged that the calls were impersonal and of a mass market nature as well as that there was a noticeable pause before an agent came on the line in both the September 2019 and January 2020 calls. FAC at ¶¶ 98-11. Even after the *Dominguez* decision, "courts in this

---

[7] As noted above, Supreme Court is currently reviewing the definition of an ATDS under the TCPA in *Facebook, Inc. v. Duguid*, No. 19-0511, 2020 WL 3865252 (U.S. July 9, 2020), which had oral argument on December 8, 2020. The Supreme Court is specifically reviewing the split between *Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018) and other Circuits and thus the Court's ruling will implicate the arguments made by Defendant such that a stay is likely appropriate.

district continue to find that an allegation of a brief pause at the beginning of a call is sufficient to plead the ATDS element."[8]  *Hazan v. Wells Fargo Home Mortg.*, No. CV1810228MASTJB, 2020 WL 919183, at *3 (D.N.J. Feb. 26, 2020) (citing *Wilson v. Quest Diagnostics, Inc.*, No. 18-11960. 2018 WL 6600096. at *2 (D.N.J. Dec. 17, 2018) (finding a plausible inference of ATDS use where the plaintiff alleged that, upon answering the calls, "she heard a momentary pause before someone started speaking to her") and *Sieleman v. Freedom Mortg. Corp.*, No. 17-13110, 2018 WL 3656159, at *6 (D.N.J. Aug. 2. 2018)).[9]  Plaintiff has further pled that the device used by Defendant and its agent to call Plaintiff was an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1), and thus is "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers."  In combination with Plaintiff Smith's allegations regarding the impersonal and mass marketing nature of the content of the calls and presence of a delay or pause at the start of the call, Plaintiff has adequately alleged usage of an ATDS sufficient to state a claim.

---

[8] Defendant cites to no cases within this Circuit that stand for its proposition on a Motion to Dismiss, before preemptively arguing that the cases likely to be cited by Plaintiff while within this Circuit are non-binding.  Defendant's argument is thus non-persuasive for obvious reasons.
[9] *See also Todd v. Citibank*, No. 16-5204-BRM-DEA, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (denying motion to dismiss, in part, where plaintiff alleged "she heard a silence before a recording began, convincing [her] ... [d]efendant's calls were 'robocalls' "); *Carrera v. Major Energy Servs., LLC*, No. 15-3208 (MAS) (LHG), 2016 WL 7183045, at *2 (D.N.J. Mar. 29, 2016) (denying motion to dismiss where plaintiff alleged "there was a brief pause before a live operator got on the line"); *Richardson v. Verde Energy USA, Inc.*, No. 15-6325, 2016 WL 7380708, at *2 (E.D. Pa. Dec. 19, 2016) (denying motion to dismiss, in part, where plaintiffs alleged "there was silence and 'dead air' before a live person began to speak" and a "high volume of calls," which continued after plaintiffs requested that defendant stop calling); *Connelly v. Hilton Grand Vacations Co.*, No. 12-cv-599 (KSC), 2012 WL 2129364, at *4 (S.D. Cal. June 11, 2012) (denying motion to dismiss where plaintiffs alleged "[t]he calls had a delay prior to a live person speaking," and the court could "infer the calls were randomly generated").

### D. **Plaintiff Has Adequately Pled A Section (c) Violation Of The TCPA**

Defendant's argument that Plaintiff has failed to adequately plead a DNC claim is nonsense and based on an assertion that Plaintiff must plead additional facts—when the short, plain standard includes no such requirement.[10] To establish a "Do Not Call Registry" claim under § 227(c)(5), Plaintiff must plead facts that plausibly demonstrate: (1) they receive multiple calls within twelve months, (2) from the same entity, (3) on a phone registered on the Do-Not-Call-Registry. *Huber v. Pro Custom Solar, LLC*, 2020 WL 2525971, at *2 (M.D. Pa. 2020) (citing 47 C.F.R. § 64.1200(c)(2)).

Plaintiff pled that he received at least five (5) calls within a four (4) month period from Defendant and provided specific dates. FAC at ¶¶ 8 & 10. During the calls, Defendant sought to solicit its services to Plaintiff and thus the calls were solicitation calls. *Id.* These calls were from Defendant. *Id.* The phone called was registered on the National Do-Not-Call Registry on June 11, 2010, well over thirty (30) days prior to Defendant's initial call. *Id.* at ¶ 15. Accordingly, Plaintiff has met the standards of Fed. R. Civ. P. 8 and clearly stated a claim under section (c) of the TCPA.

## IV.   CONCLUSION

For the reasons laid forth above, the Court should deny Defendant's Motion in full. To the extent the Court grants Defendant's Motion with respect to a lack of sufficient allegations or lack of specificity in the Class definitions, Plaintiff respectfully requests that the Court grant him leave to add further detail, or otherwise take the necessary steps to cure any defects found by the Court in his pleadings. *See, e.g., Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.") (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

---

[10] Defendant cites no cases except *Iqbal* in support of its arguments, demonstrating how unsupported its position is.

Dated: December 8, 2020        **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
By: *s/ Cynthia Z. Levin*
Cynthia Z. Levin, Esq.
Attorney for Plaintiff

11

Filed electronically on this 8th Day of December, 2020, with:

United States District Court CM/ECF system.

Notification sent electronically on this 8th Day of December, 2020, to:

Honorable Berle M. Schiller
United States District Court
Eastern District of Pennsylvania
And All Counsel of Record as Recorded On The Electronic Service List


/s/ Cynthia Z. Levin, Esq.
CYNTHIA Z. LEVIN