# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART SMITH, individually and on behalf of all others similarly situated, | : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | |
| DIRECT BUILDING SUPPLIES, LLC and DOES 1 through 10, inclusive, and each of them, | : : : | No. 20-3583 |
| Defendants. | : | |

### MEMORANDUM

**Schiller, J.**                                                                                  **October 7, 2021**

Stewart Smith alleges that Direct Building Supplies, LLC, its subsidiaries, and its agents (collectively, "Direct Building Supplies"[1]) violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by unlawfully contacting Smith and purported class members to solicit them to purchase Direct Building Supplies' services without their consent and while they were on the National Do-Not-Call ("DNC") Registry. Before the Court is Direct Building Supplies' Motion to Dismiss Smith's First Amended Complaint ("FAC"), in which Direct Building Supplies contends that Smith's factual allegations fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Direct Building Supplies also maintains that Smith's class allegations and definitions are deficient as a matter of law and thus should be stricken pursuant to Fed. R. Civ. P. 12(f).

This is not Smith's first trip to the courthouse alleging violations of the TCPA. For example, in May 2020, Smith filed a TCPA lawsuit in this District against renewable energy company Vision Solar. Smith's claims here echo his allegations against Vision Solar and the

---

[1] Smith brings the FAC against Direct Building Supplies, LLC and ten unidentified Doe defendants, whom he alleges constitute Direct Building Supplies, LLC's subsidiaries and agents.

several other companies he has sued. For its part, several portions of Direct Building Supplies' Motion to Dismiss are virtually identical to the defendant's motion to dismiss in the Vision Solar action. It is as if the Court is receiving one of the robocalls Smith disdains.

Nevertheless, the Court finds that the FAC's factual allegations fail to state a claim under the TCPA. Accordingly, the Court will grant Direct Building Supplies' Motion to Dismiss without prejudice, and will also grant Smith leave to file a second amended complaint.

## I.     FACTUAL BACKGROUND

Direct Building Supplies is a construction and home contracting company. (FAC ¶ 5.) Smith alleges that Direct Building Supplies called Smith's cellular phone number ending in -6860 five times within a four-month span at the end of 2019 and beginning of 2020: on or around October 4, 2019; October 6, 2019; November 1, 2019; January 17, 2020; and January 21, 2020. (*Id.* ¶¶ 8-10.) During each of these calls, there was a "noticeable pause and delay before Defendant came on the line" and attempted to sell its services to Smith. (*Id.* ¶¶ 8-9, 19.) The calls were of an "impersonal nature." (*Id.* ¶¶ 9, 11.)

Smith never provided his consent to Direct Building Supplies to receive calls on his cellular phone that were made using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice. (*Id.* ¶ 13.) Smith and Direct Building Supplies had no relationship prior to the October 4 call. (*Id.* ¶ 9.) Smith's cellular phone number ending in -6860 was registered on the National DNC Registry on June 11, 2010. (*Id.* ¶ 15.)

The FAC seeks to certify two classes. The first is the "ATDS Class," defined as "[a]ll persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint." (*Id.*

¶ 24.) The second is the "DNC Class," defined as "[a]ll persons within the United States registered on the National Do-Not-Call Registry for at least 30 days who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint." (*Id.* ¶ 25.)

The FAC contains four counts. Counts I and II, brought by Smith on behalf of the ATDS Class, allege that Direct Building Supplies violated TCPA § 227(b) by placing calls using an ATDS or pre-recorded voice without the class members' prior express consent. Counts III and IV, brought by Smith on behalf of the DNC class, allege that Direct Building Supplies violated TCPA § 227(c)(5) and related regulations by placing multiple calls to class members' phones registered on the National DNC Registry within a twelve-month span.

Direct Building Supplies moved to dismiss all counts on November 25, 2020. Smith filed a timely response in opposition on December 8, 2020. Smith also requested leave to amend his pleadings to address, *inter alia*, any "lack of sufficient allegations" in the event the Court granted Direct Building Supplies' Motion to Dismiss. (Pl.'s Opp'n to Def.'s Mot. to Dismiss ["Pl.'s Opp'n"] at 10.)

On March 15, 2021, counsel for Smith wrote a letter to the Court directing its attention to *Smith v. Vision Solar LLC*, Civ. A. No. 20-2185, 2020 WL 7230975 (E.D. Pa. Dec. 8, 2020) ("Vision Solar II"), an opinion in another TCPA case filed by Smith and a co-plaintiff in this District. Smith's counsel wrote that in *Vision Solar II*, "the Honorable Judge Michael Baylson issued an order denying in full that Motion to Dismiss on which [Direct Building Supplies' motion] is based" in this action. Counsel for Smith further pointed out that Direct Building Supplies'

3

"Motion was an almost verbatim copy of a Motion to Dismiss filed and pending in" the Vision Solar action, written by attorneys at a different law firm.[2]

*Vision Solar II* came three months after *Smith v. Vision Solar LLC*, Civ. A. No. 20-2185, 2020 WL 5632653 (E.D. Pa. Sept. 21, 2020) ("Vision Solar I"), in which Judge Baylson dismissed Smith and his co-plaintiff's First Amended Complaint for failure to state a claim. Judge Baylson also granted Smith and his co-plaintiff leave to amend the first amended complaint to address deficiencies both in their factual and class allegations, culminating in *Vision Solar II*.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint and make all reasonable inferences in favor of the non-moving party. *Bd. of Trustees of Bricklayers & Allied Craftsmen Loc. 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). Fed. R. Civ. P. 8(a)(2) provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This claim for relief must be "plausible on its face," containing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* In other words, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

---

[2] In the future, counsel would be wise to not lift much of the language in its papers word-for-word from other attorneys.

### III. DISCUSSION

#### A. Counts I and II: The ATDS Claims

To state a claim under TCPA § 227(b), a plaintiff must allege: "(1) the defendant called a cellular telephone number; (2) using an [ATDS or prerecorded or artificial voice]; (3) without the recipient's prior express consent." *Zemel v. CSC Holdings LLC*, Civ. A. No. 18-2340, 2018 WL 6242484, at *3 (D.N.J. Nov. 29, 2018). Direct Building Supplies argues that the FAC does not state a cause of action under TCPA § 227(b) because it does not contain facts that support a finding that Direct Building Supplies called Smith using an ATDS. Direct Building Supplies also argues that the FAC does not include any factual allegations that plausibly suggest that Direct Building Supplies placed phone calls to Smith in the first instance, since it is bereft of allegations concerning the names and identities of the persons with whom Smith allegedly spoke on the phone, as well as the substance of his conversations with those persons.

An ATDS is a piece of equipment with the capacity to "either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator," and to dial such numbers. *Facebook, Inc. v. Duguid*, ––– U.S. –––, 141 S. Ct. 1163, 1167 (2021). A plaintiff must provide "at least some [ ] detail regarding the content of the messages or calls, thereby rending the claim that an ATDS was used more plausible." *Camunas v. Nat'l Republican Senatorial Comm.*, Civ. A. No. 21-1005, 2021 WL 2144671 (E.D. Pa. 2021) (quoting *Zemel*, 2018 WL 6242484, at *3). "[C]ourts in this district continue to find that an allegation of a brief pause at the beginning of a call is sufficient to plead the ATDS element." *Hazan v. Wells Fargo Home Mortg.*, Civ. A. No. 18-10228, 2020 WL 919183, at *3 (D.N.J. Feb. 26, 2020); *see also Vision Solar II*, 2020 WL 7230975, at *4 ("For Rule 12 purposes, the distinctive

5

pause at the beginning of repeated marketing calls allows an inference that the caller was using an ATDS.")

Further, "at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls to plaintiff's cellular phone." *Scruggs v. CHW Grp., Inc.*, Civ. A. No. 20-48, 2020 WL 9348208, at *10 (E.D. Va. Nov. 12, 2020); *see also Vision Solar I*, 2020 WL 5632653, at *3 (quoting *Aaronson v. CHW Group, Inc.*, Civ. A. No. 18-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019)) ("[W]ithout any facts to explain why plaintiff believes the identified phone number is owned by defendant, . . . plaintiff has failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations do not show plausibly that defendant actually, physically initiated the telephone calls at issue.").

The Court finds that the FAC has sufficiently alleged the use of an ATDS by Direct Building Supplies, as it alleges that there was a "noticeable pause and delay before Defendant came on the line" during each of the five offending calls, as well as that Smith had no prior relationship with Direct Building Supplies prior to the October 4 call. (FAC ¶ 9.)

However, Smith has not pleaded facts sufficient to identify Direct Building Supplies as the initiator of the offending calls. The FAC merely states that "Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -6860, in an attempt to solicit Plaintiff to purchase Defendant's services," "Defendant [] called Plaintiff," and that "Defendant placed multiple calls soliciting its business to Plaintiff." (*Id.* ¶¶ 8, 10, 18.) The FAC, however, provides no details specifying how Smith knew that Direct Building Supplies in fact placed these calls, such as that Direct Building Supplies' name appeared in the caller ID on Smith's cellular phone, the persons with whom Smith spoke identified themselves as representatives of Direct Building Supplies, or the services these persons attempted to sell were construction or home contracting services.

6

Smith's opposition does not address Direct Building Supplies' arguments on this point; it merely puts forth that "Defendant sought to solicit its services to Plaintiff and thus the calls were solicitation calls" and that "[t]hese calls were from Defendant." (Pl.'s Opp'n at 7-10.) These circular, conclusory allegations constitute the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not pass muster under the *Iqbal* pleading standard.

Further, Smith's allegations regarding the identity of the initiator of the calls are even more barren than those provided in *Vision Solar I*, *Aaronson*, and *Scruggs*, all of which featured TCPA claims that were dismissed because of a failure to plead details sufficient to identify the caller. *See Vision Solar I*, 2020 WL 5631653, at *3 (finding that plaintiffs did not sufficiently plead that the calls in question came from defendant when they only alleged that "Defendant contacted or attempted to contact [one of the Plaintiffs] from multiple telephone numbers confirmed to belong to Defendant"); *Scruggs*, 2020 WL 9348208, at *10 ("The sole factual allegation linking [Defendant] to the calls is that the caller identified himself as 'associated with [Defendant]'" which is "insufficient under the *Iqbal* pleading standards"); *Aaronson*, 2019 WL 8953349, at *2 ("The lone fact marshalled in the Complaint that even comes close to supporting plaintiff's conclusion that defendant was the party that called his cellular telephone is the allegation that one of the calls made to plaintiff was from a telephone number that, according to the Complaint, 'is one of the Defendant's many telephone numbers.' But without any facts to explain why plaintiff believes the identified phone number is owned by defendant, this allegation amounts to nothing more than another conclusory allegation that defendant made the calls to plaintiff's cellular phone.").

Smith has therefore failed to plausibly allege that the five calls in question came from Direct Building Supplies, as TCPA § 227(b) claims require. The Court will dismiss the ATDS

claims without prejudice and will permit Smith to amend the complaint to provide further relevant information.

### B. Counts III and IV: DNC Claims

To establish a DNC claim under TCPA § 227(c)(5) and related regulations, a plaintiff must plead facts that plausibly demonstrate: (1) they received multiple calls within twelve months, (2) from the same entity, (3) to a phone number registered on the National DNC Registry. *See Huber v. Pro Custom Solar, LLC*, Civ. A. No. 19-1090, 2020 WL 2525971, at *2 (M.D. Pa. May 18, 2020) (citing 47 C.F.R. § 64.1200(c)(2)). Here too the Court agrees with Direct Building Supplies that Smith's DNC claims fail because the FAC does not contain facts sufficient to establish that Direct Building Supplies placed the offending phone calls. The Court will thus dismiss the DNC claims without prejudice and will permit Smith to amend the complaint to provide further relevant information.

### IV. CONCLUSION

For the reasons set forth above, Direct Building Supplies' Motion to Dismiss is granted, but Smith may file an amended complaint. Direct Building Supplies' Motion to Strike is denied as moot. An Order consistent with this Memorandum will be docketed separately.