Thomas E. Wheeler (*pro hac vice*)
Cynthia Z. Levin, Esq. (Bar No. 27050)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
twheeler@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART SMITH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DIRECT BUILDING SUPPLIES LLC; and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No. 2:20-cv-03583-BMS <br><br> **CLASS ACTION** <br><br> **SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] <br> 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] <br><br> **DEMAND FOR JURY TRIAL** |

**SECOND AMENDED CLASS ACTION COMPLAINT**
-1-

Plaintiff STEWART SMITH ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Defendant DIRECT BUILDING SUPPLIES LLC ("Defendant") upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of DIRECT BUILDING SUPPLIES LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1331* because this matter arises out of a question of federal law—namely, the Telephone Consumer Protection Act.

3. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to *28 U.S.C. § 1391(b)* and because Defendant does business within the State of Pennsylvania and Plaintiff resides within the County of Montgomery.

## PARTIES

4. Plaintiff, STEWART SMITH ("Plaintiff"), is a natural person residing in Montgomery County in the state of Pennsylvania and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, DIRECT BUILDING SUPPLIES LLC ("Defendant") is a construction and home contracting company and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above named Defendant, and its subsidiaries and agents, are

**SECOND AMENDED CLASS ACTION COMPLAINT**
-2-

collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. On or about October 4, 2019, Defendants or an agent acting on Defendant's behalf contacted Plaintiff on Plaintiff's cellular telephone number ending in -6860, in an attempt to solicit Plaintiff to purchase Defendant's services.

9. During the call on or about October 4, 2019, there was a noticeable pause and delay before Defendants came on the line and the call was of an impersonal nature as Plaintiff had no prior relationship to Defendants.

10. Once Plaintiff was connected with a representative, the representative informed Plaintiff that he was calling on behalf of ReNu Solar and that Plaintiff should expect a further call from ReNu Solar regarding Defendant's interest in soliciting its home solar to him.

11. ReNu Solar, ReNu, ReNu Solar and Roofing, and Home ReNu are all registered DBAs of Defendant Direct Building Supplies LLC.

12. Accordingly, the call was either placed directly by Defendants or was placed by an agent of Defendant hired to place such calls for the benefit of

Defendant.

13. Defendants or its agent additionally called Plaintiff on or about October 6, 2019, November 1, 2019, January 17, 2020, and January 21, 2020. Similar to the October 4, 2019, there was a noticeable pause or delay before Defendants came on the line when Plaintiff answered these calls.

14. On these calls, a representative eventually came on the line and again informed Plaintiff that the calls was on behalf of ReNu Solar and it was for the purposes of soliciting Plaintiff to purchase home solar.

15. After the call on November 1, 2019, Plaintiff additionally received an email from Logan Misiti whose signature indicated he was a leads manager for ReNu Solar and Roofing, further confirming that these calls were placed either directly by Defendant or on behalf of Defendant.

16. These facts are indicative that the calls used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place the call to Plaintiff seeking to solicit its services, because of the impersonal nature and noticeable existence of a pause.

17. In particular, the pause is indicative of a predictive dialer which uses a random or sequential number generator to index and parse the telephone number data, in order to store it in temporary cache ram memory. A random or sequential number generator is then used to produce the stored telephone numbers from storage to the dialing platform for purposes. The dialing platform is preprogrammed to dial at specific rate, time, and interval, using algorithmic dialing systems, to maximize the efficiency of the system in reaching as many consumers who pick up calls as possible. These calls are happening in the background of the system, with only a percentage of them resulting in a live person picking up, and the noticeable delay is caused by the delay in the system that is blasting out calls being connected to an available agent. Plaintiff alleges that the system used by Defendant or its agent is this sort of predictive dialer.

18. Defendants' calls to Plaintiff constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

19. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

20. Defendants used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.

21. Further, Plaintiff's cellular telephone number ending in -6860 was added to the National Do-Not-Call Registry on June 11, 2010, well over thirty (30) days prior to Defendant's initial call.

22. Plaintiff only uses his cell phone and it is the only type of telephone he had in use at the time at his home.

23. Accordingly, Plaintiff's cellular phone is a residential line subject to the protections of the National Do-Not-Call List.

24. Defendants placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -6860 during the time period of October 2019 to January 2020.

25. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

26. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

27. Defendants called Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

28. Upon information and belief, and based on Plaintiff's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendants' initial call, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively

prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

29. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

30. The class concerning the ATDS claim (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint.

31. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

32. Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint.

33. Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call

Registry for at least 30 days who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

34. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

36. Plaintiff and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

37. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call

            to an ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

      b.    Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

      c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

38. As a person that received numerous telemarketing/solicitation calls from Defendant for whom Defendant has no record of prior express consent for such calls, Plaintiff is asserting claims that are typical of The ATDS Class.

39. Plaintiff and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

40. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

      a.    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry;

      b.    Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members'

telephones;

c. Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. As a person that received numerous solicitation calls from Defendant within a 12-month period, Plaintiff is asserting claims that are typical of the DNC Class.

42. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

43. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

44. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

45. Defendant has acted or refused to act in respects generally applicable

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class**

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

48. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

49. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

52. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

53. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

54. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

55. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

56. As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

57. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

58. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

59. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

60. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

61. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C.*

§227(b)(3)(B) and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

62. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 20th Day of October, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Thomas E. Wheeler
       Thomas E. Wheeler (*pro hac vice*)
       Cynthia Z. Levin, Esq. (Bar No. 27050)

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
twheeler@toddflaw.com
*Attorneys for Plaintiff*

Filed electronically on this 20th Day of October, 2021, with:

United States District Court CM/ECF system.

Notification sent electronically on this 20th Day of October, 2021, to:

Honorable Berle M. Schiller
United States District Court
Eastern District of Pennsylvania

And All Counsel of Record as Recorded On The Electronic Service List


<u>/s/ Thomas E. Wheeler, Esq.</u>
THOMAS E. WHEELER