**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEWART SMITH, Individually and on behalf of all others similarly situated, Plaintiff | : : : : : | CIVIL ACTION<br><br>Case No. 2:20-CV-3583-BMS |
| v. | : : : | |
| DIRECT BUILDING SUPPLIES, LLC and DOES 1 through 10, inclusive, and each of them, Defendants | : : : : | **DEMAND FOR JURY TRIAL** |

**DEFENDANT, DIRECT BUILDING SUPPLIES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS IN PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.      INTRODUCTION**

Plaintiff, Stewart Smith, brings this lawsuit on behalf of himself and two purported nationwide classes of individuals allegedly harmed by the imagined use of an automatic telephone dialing system by Defendant, Direct Building Supplies, LLC ("Defendant"), and Defendant's purported calls to phone numbers on the National Do-Not-Call Registry.  This Court should strike the class allegations of the Second Amended Complaint under Rule 12(f) because they are deficient as a matter of law.  Plaintiff's putative class definitions advance improper "fail-safe" classes, which, if certified, would leave class members free to pursue individual claims against the Defendant if the Court ultimately enters judgment in Defendant's favor.  Plaintiff's class allegations also necessarily fail because they would require extensive individualized fact-finding, which is improper as a matter of law.

Plaintiff's Second Amended Complaint is deficient as a matter of law because it advances legally impermissible fail-safe classes. Accordingly, Defendant respectfully requests that this Court grant its Motion and Dismiss the class allegations of Plaintiff's Second Amended Complaint, with prejudice.

## II.     STATEMENT OF RELEVANT FACTS

Plaintiff's Second Amended Complaint alleges Defendant committed "illegal actions" by "contacting Plaintiff on Plaintiff's cellular telephone," in violation of the TCPA. *See* Doc. 19, at ¶ 1. The Second Amended Complaint lists Plaintiff as a purported class representative. *Id.* at ¶ 4. Allegedly, Plaintiff did not provide Defendant with prior express consent for such calls, nor were the calls made for an emergency purpose. *Id.* at ¶¶ 10-12. Additionally, Plaintiff claims that his phone number ending in -6860 was added to the National Do-Not-Call registry in 2010. *Id.* at ¶ 21.

Plaintiff alleges that, on October 4, 2019, Defendant placed a call to Plaintiff. *Id.* at ¶ 8. Thereafter, the Defendant allegedly called Plaintiff directly on four (4) occasions from October 2019 through January 2020. *Id.* ¶ 10. Plaintiff further alleges that, during the calls supposedly placed by an unnamed and unidentified representative of Defendant, Plaintiff notice a "pause and delay before Defendant came on the line." *Id.* ¶ 9. Due to this "noticeable pause," Plaintiff draws the legal conclusion that "these facts are indicative [of]… an automatic telephone dialing system." *Id.* ¶ 17. Plaintiff alleges Defendant placed the call on October 4th because on November 1, 2019, Plaintiff received an e-mail from an individual named Logan Misiti "whose signature indicated he was a leads manager for ReNu Solar and Roofing."[1] *Id.* at ¶ 15.

---

[1] Plaintiff failed to attach this purported e-mail to his Second Amended Complaint, and does not provide any explanation concerning how a representative of Defendant obtained his e-mail address or why this individual sent him an e-mail a month after he was allegedly called twice in October of 2019 and on the same day he was allegedly called on November 1, 2019.

Plaintiff seeks to bring claims on behalf of himself, and two putative classes of allegedly similarly situated individuals. *Id.* at ¶ 29. The class allegations of the two putative classes Plaintiff proffers ("The ATDS Class" and "The DNC Class") are as follows:

<u>ATDS Class</u>

All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint.

\*\*\*

<u>DNC Class</u>

All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

*Id.* at ¶¶ 30, 31. Plaintiff brings two causes of action, Counts I and II, on behalf of Smith individually and the ATDS Class, with Count I alleging Defendant's negligent violation of 47 U.S.C. § 277(b) and Count II alleging Defendant's knowing and/or willful violation of the same. *Id.* at ¶¶ 46-53. Plaintiff brings two other causes of action (Counts III and IV) on behalf of Plaintiff individually and the DNC Class with Count III alleging negligent violation of 47 U.S.C. § 227(c), and Count IV alleging Defendant's knowing and/or willful violation of same. *Id.* at ¶¶ 54-61.

### III. <u>STANDARD OF REVIEW</u>

#### A. <u>Fed. R. Civ. P. 12(b)(6)</u>

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011)(internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual

3

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all factual allegations contained in a complaint as true, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Iqbal*, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.,* see also *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also 'grounds on which the claim rests.'"). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.     Fed R. Civ. P. 12(f)**

Pursuant to Fed R. Civ. P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Fed. R. Civ. P. 12(f)*. In a purported class action, a court may strike class allegations at the pleadings stage where it is clear on the face of the pleadings that a class may not be certified. See *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 625-26 (E.D. Pa. 2015)(granting motion to strike TCPA class allegations at pleading stage); see also *Berk v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 4467746, *8 (E.D. Pa. 2011).

## IV. LEGAL ARGUMENT

### A. The Court Should Dismiss or Strike Plaintiff's TCPA Class Action Claims[2]

Here, Plaintiff's TCPA class allegations fail because, if granted as requested, those allegations would create impermissible fail-safe classes. The Eastern District has previously determined that Plaintiff's proposed class definitions constitute improper fail-safe definitions. See *Smith v. Vision Solar, LLC*, 2020 WL 7230975 at *5 (E.D. Pa. 2020). While this Court permitted Plaintiff's class allegations to move forward in *Vision Solar*, Defendant respectfully submits that the Court should strike Plaintiff's class allegations at this stage of the litigation.

Rule 23(c)(1)(A) provides that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Rule 23(d)(1)(D) also provides, that "the court may issue orders that ... require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." A district court "will strike class action allegations without permitting discovery or waiting for a certification motion" where it is clear on the face of the complaint "that the plaintiff cannot meet the requirements for a class action." *Woodard v. Fed Ex. Freight East, Inc.*, 250 F.R.D. 178,182 (M.D. Pa. 2008); *Berk v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 4467746, at *8 (E.D. Pa. 2011)(granting motion to strike class allegations at pleading stage); *Panetta v. SAP Am., Inc.*, 2006 WL 924966, at *5 (E.D. Pa. 2006).

---

[2] The Court did not address Defendant's arguments that Plaintiff's proposed class definitions constituted "fail-safe" classes within its Memorandum and Order granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. *See* Docs. 15, 16. While Defendant is cognizant of the precedent noting that the relief afforded under Rule 12(f) is rarely granted, Defendant submits the substantial deficiency of Plaintiff's proposed classes warrants relief under Rule 12(f). Defendant therefore reasserts the arguments contained within its Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint as it pertains to Plaintiff's proposed classes. *See* Doc. 10.

When no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23, that a motion to strike class allegations should be granted. *McPeak v. S-L Distribution Co., Inc.,* 2014 WL 4388562, at *4 (D.N.J. Sept. 5, 2014)*; see also In re Paulsboro Derailment Cases*, 2014 WL 1371712, at *3.(*citing* 1 Joseph M. McLaughlin, McLaughlin on Class Actions § 3.4 (7th ed..2010*)*("motion to strike class action allegations may properly be filed before plaintiffs have filed a motion for class certification").

A court may "grant a motion to strike class action allegations if class treatment on the face of the complaint leaves little doubt they are not viable." *Zarichny*, 80 F. Supp. 3d at 624. Class allegations have been dismissed or stricken when it is clear from the face of the complaint that the requirements for maintaining a class action cannot be met." *McPeak*, 2014 WL 4388562, at *7. Thus, a court should grant a motion to strike class allegations when the inappropriateness of class treatment is evident from the face of the complaint and from incontrovertible facts. *Id*. at *4. Although the United States Court of Appeals for the Third Circuit has often leaned against striking class allegations if discovery may reveal a certifiable class, the Third Circuit has nevertheless noted that there are instances in which "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *See Landsman & Funk PC v. Skinder-Strauss Assocs*., 640 F.3d 72, 93-94 (3d Cir. 2011) (*quoting Weiss v. Regal Collections*, 385 F.3d 337, 347-48 & n.17 (3d Cir. 2004)), *opinion reinstated in part*, No. 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012), at * 93 n.30 (*citing Rios v. State Farm Fire & Cas. Co.*, 469 F. Supp. 2d 727, 740 (S.D. Iowa 2007)).  Recent decisions in the United States District Court for the Eastern District of Pennsylvania have concluded that in situations in which the Plaintiff has alleged a "fail-safe" class, the purported class cannot be certified. *See O.P. Schuman & Sons, Inc. v. DJM Advisory Grp., LLC*, No. 16-3563, 2017 WL 634069, at *4 (E.D. Pa. Feb. 16, 2017).

Other District Courts have held that TCPA claims alleging lack of consent involve individualized inquiries, such that class certification is impossible. *See, e.g. Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016)(reviewing cases cited therein).

In the instant matter, the concerns relating to a fail-safe class are particularly obvious with regards to the language of the proposed classes. The overbreadth of the proposed ATDS class in the Second Amended Complaint would encompass individuals who do not have a claim under the TCPA. The proposed class would *ipso facto* then require an individual determination **in each instance** of whether an automated dialer was allegedly used in order for the class Plaintiffs to establish liability. The Third Circuit has held that this exact type of individual fact-finding is inappropriate and that courts should not permit a Plaintiff to proceed beyond the pleadings in such circumstances. *Marcus v. BMW of N. Am., LLC,* 687 F.3d 583, 593 (3d Cir. 20120).  No amount of discovery in a class certification hearing can fix this defect.  In addition, the proposed DNC class is so overbroad that it would cover even those individuals who had consented to calls from Defendant.  A lack of consent would be required before any finding of liability could be established under TCPA Section 227(c). Like the ATDS class, such is the type of individual fact finding in which class certification, at least for the proposed class, is unavailable at the outset.  Also like the ATDS class, no amount of discovery would objectively allow the Plaintiff to establish a defined class since the proposed class involves even those parties that have no claims under the TCPA.

Therefore, a determination to strike the class allegations as pled is appropriate at this stage of litigation.

## V.     CONCLUSION

For all the foregoing reasons, Defendant, Direct Building Supplies, LLC, requests this Honorable Court to grant its Motion and dismiss Plaintiff's class allegations in the Second Amended Complaint, with prejudice.

Respectfully submitted,

**TUCKER ARENSBERG, P.C.**

Dated: November 10, 2021          By   /s/ Kevin L. Hall
                                                      Kevin L. Hall, PA I.D. #311826
                                                      Brian J. Murren, PA I.D. #324567
2 Lemoyne Drive, Suite 200
Lemoyne, PA  17043
Phone: (717) 221-7951
Fax: (717) 232-6802
khall@tuckerlaw.com
bmurren@tuckerlaw.com
*Attorneys for Defendant, Direct Building Supplies, LLC*

TADMS:5604774-1 033874-189817

**CERTIFICATE OF SERVICE**

I, Kevin L. Hall, Esquire, of the law firm of Tucker Arensberg, P.C., hereby certify that I served a true and correct copy of the foregoing document this date through the Court's Electronic Case Filing (ECF) system on the individuals as follows:

Cynthia Z. Levin, Esquire
Todd M. Friedman, Esquire
1150 First Avenue, Suite 501
King of Prussia, PA 19406
*Attorneys for Plaintiffs*

**TUCKER ARENSBERG, P.C.**

Dated: November 10, 2021                By /s/ Kevin L. Hall
                                         Kevin L. Hall, PA I.D. #311826
                                         2 Lemoyne Drive, Suite 200
                                         Lemoyne, PA  17043
                                         Phone: (717) 221-7951
                                         Fax: (717) 232-6802
                                         khall@tuckerlaw.com
                                         *Attorneys for Defendant, Direct Building Supplies, LLC*