IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEWART SMITH, individually and** | : | |
| **on behalf of all others similarly situated,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DIRECT BUILDING SUPPLIES, LLC** | : | |
| **and DOES 1 through 10, inclusive, and** | : | |
| **each of them,** | : | **No. 20-3583** |
| **Defendants** | : | |

## ORDER

**AND NOW**, this **9th** day of **December 2021**, upon consideration of Defendant Direct Building Supplies LLC's Motion to Dismiss and Strike Class Allegations of Plaintiff's Second Amended Complaint and Plaintiff's response thereto, it is hereby **ORDERED** that the motion (Document No. 20) is **DENIED**.[1]

---

[1] Direct Building Supplies' motion only addresses the sufficiency of the Second Amended Complaint's class allegations and, as such, that is the only issue presently before the Court. Direct Building Supplies argues that the "Second Amended Complaint is deficient as a matter of law because it advances legally impermissible fail-safe classes." (Def.'s Motion to Dismiss at 2.) As Smith points out, however, granting motions to strike class allegations before the class certification stage is appropriate "only where '[n]o amount of additional class discovery will alter th[e] conclusion' that the class is not maintainable," *Bombin v. Sw. Airlines Co.*, 529 F. Supp. 3d 411, 423 (E.D. Pa. 2021) (quoting *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 244 (E.D. Pa. 2012)), and when the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met," *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011).

This is a high bar, and courts in this Circuit have routinely allowed putative Telephone Consumer Protection Act classes to proceed to the class certification stage. *See, e.g.*, *Abante Rooter & Plumbing, Inc. v. Creditors Relief, LLC*, Civ. A. No. 20-3272, 2020 WL 9397554, at *4 (D.N.J. Dec. 10, 2020) ("These challenges to the Rule 23 class requirements are factual in nature and should be decided on a complete record following discovery."), *report and recommendation adopted sub nom. Abante Roofer & Plumbing, Inc. v. Creditors Relief, LLC*, Civ A. No. 20-3272, 2021 WL 1688679 (D.N.J. Jan. 11, 2021); *Richardson v. Verde Energy USA, Inc.*, 354 F. Supp. 3d 639, 654 (E.D. Pa. 2018) ("The Court declines to engage in the 'rigorous analysis' required to determine whether class certification is appropriate without full briefing on class certification. That

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

is especially the case where, as here, Plaintiffs have not had the opportunity to engage in class discovery."); *Hoover v. Sears Holding Corp.*, Civ. A. No. 16-4520, 2017 WL 639893, at *3 (D.N.J. Feb. 16, 2017) ("[T]he motion to strike will be denied at this stage and more properly may be addressed in a future motion to certify the class."). Further, "[e]ven if the proposed class seems fail-safe, district courts within the Third Circuit have a preference for addressing the issues discussed herein at the class certification stage." *Smith v. Vision Solar LLC*, Civ. A. No. 20-2185, 2020 WL 7230975, at *5 (E.D. Pa. Dec. 8, 2020) (quoting *Merino v. Wells Fargo & Co.*, Civ. A. No. 16-7840, 2017 WL 3908670, at *5-*6 (D.N.J. Sept. 6, 2017)) (internal quotation marks omitted). Thus, the Court will reserve its assessment of any issues related to the sufficiency of Smith's class allegations and adequacy of his class definitions for the more-appropriate class certification stage.